BOWLES v. WEST SIDE LUMBER CO., Inc.

Civ. No. 2488.

District Court, D. Oregon.

Sept. 11, 1945.

Jerome S. Bischoff of Portland, Or., for plaintiff.

E. O. Immel, of Eugene, Or., and Edwin D. Hicks and Thomas H. Tongue, Ill., both of Portland, Or., for defendant.

McCOLLOCH, District Judge.

Order to OPA to produce inter-office correspondence:

"It is ordered that further pre-trial herein be held, beginning at 10 o'clock A.M., September 11, 1945. It is desired that plaintiff shall have present and available for inspection all OPA inter-office or inter-department correspondence, including telegrams, leading up to or bearing on the letter of Peter A. Stone to defendant, dated August 3, 1944. * * *." (See Appendix for summary of OPA file produced pursuant to above order.)

(Oral Opinion)

In my judgment, there is serious doubt of the constitutionality of the provision in the Price Control Act that the validity of a price control order or regulation may not be considered in any court other than the Emergency Court of Appeals. The provision was upheld by the Supreme Court as a wartime measure, but now that peace has returned, the subject may properly be re-examined. Even as a wartime measure the provision was one of the most extreme in the history of the American judiciary. To take away a citizen's right to defend himself in his home courts, requiring him to go across the Continent with his counsel and witnesses, violates a basic principle of Anglo-Saxon jurisprudence. As long ago as Magna Carta it was declared that suitors should not be put to the expense and incom-

 

venience of going to where the King was, in order to have their grievances tried. This drastic piece of legislation, like many other wartime restrictions, must now be re-examined in the light of peacetime conditions and accepted constitutional principles.

## Appendix

April 8, 1944. Portland OPA to defendant: "Would you kindly call at this office to discuss the matter of overcharges on sales of lumber by your firm in excess of ceiling prices?"

May 25. Portland OPA to Washington, D.C. OPA: "West Side Lumber Co. will file special application for price on 20 cars Douglas Fir * * *. In fixing price, please establish shipping weight * * * and bear in mind pending enforcement action against this sharpshooter."

June 8. Defendant to Washington, D.C. OPA: "In accordance with request (of Portland OPA), we wish to submit the following request for special price authorization * * *. In 1943 we entered orders, etc. * * *."

June 9. Complaint filed against defendant.

June 22. Washington OPA to defendant: "In the case of the sales you refer to, no application was made to this office (at the time of the sales) and no price can be approved at this time."

June 26. Portland OPA to Washington OPA: "Please re-write West Side (defendant) establishing prices. * * *."

July 5. Portland OPA to Washington OPA: "* * * take care to state * * * reason why price was not fixed in response to initial application, * * * in order to minimize any conflict in the trial of this matter."

July 15. Washington OPA sends proposed form of letter to be addressed to defendant and prices to Portland OPA for approval.

July 22. Portland OPA to Washington OPA, suggesting changes in letter to be sent to defendant.

August 3. Washington OPA to Portland OPA: "This acknowledges your memorandum of July 22 * * * with re-

quest we make certain changes. Letter has been re-written with changes requested. * * *."

August 3. Washington OPA to defendant: "Under date of June 22, 1944, we replied to your letter, setting out that, inasmuch as request for price approval had not been made prior to shipment, we felt we could not establish prices at this time. We are now advised by acting chief counsel that, in view of your request for establishment of prices, we are required to comply." (Here follow prices.)

August 5. Portland OPA files amended complaint against defendant.